```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DENNIS BENN,

                         Plaintiff,

           -against-                              MEMORANDUM AND ORDER
                                                  10-CV-1963 (JS)(AKT)
NASSAU COUNTY, THOMAS R. SUOZZI,
EDWARD REILLY, NASSAU COUNTY
CORRECTIONAL CENTER, DR. KENT,
NILOFAR HAVA, WANDA EVELYN,
S. MISONALD, E. YUSUPOR,
CORRECTIONAL OFFICERS WHO MADE ROUNDS
IN HOUSING AREA (B2B) ON 3/17/09,
NASSAU HEALTH CARE CORPORATION,
NASSAU UNIVERSITY MEDICAL CENTER,
DANIEL MCCULLY, LISA MUSELL, G.E.O.
GROUP, DR. DUPONT, ZERRILLO WILLIAMS,
JAMAICA HOSPITAL,

                         Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Dennis Benn, Pro Se
                   72270053
                   Metropolitan Detention Center Brooklyn
                   P.O. Box 329002
                   Brooklyn, NY 11232

For Defendants:    No Appearances
```

SEYBERT, District Judge:

Presently pending before the Court is incarcerated pro se Plaintiff Dennis Benn's ("Plaintiff") application to proceed in forma pauperis and Complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). The application to proceed in forma pauperis is GRANTED, and for the reasons discussed herein, the claims asserted against Defendants Nassau County Correctional Center ("NCCC"), Nassau Health Care Corporation ("NHCC"), Nassau University Medical Center ("NUMC"), and Jamaica Hospital Medical Center ("Jamaica

Hospital") are DISMISSED WITH PREJUDICE. Plaintiff's Section 1983 claim that purport to allege violation of his rights under the Fifth and Fourteenth Amendments and Plaintiff's claims against Defendants Suozzi, Reilly, Hava, McCully, Musell, Dupont and Yusupor are DISMISSED WITHOUT PREJUDICE and with leave to amend. The United States Marshal for the Eastern District of New York is directed to serve the Complaint on Defendants Nassau County, Kent, Evelyn, Misonald, G.E.O. Group, Williams, and the Correctional Officers who made rounds in housing area B2B.[1]

## BACKGROUND

According to the Complaint, Plaintiff suffers from Crohn's Disease and Primary Sclerosing Cholangitis. (Compl. at ¶ 2). Plaintiff alleges that he was extradited from Trinidad on March 6, 2009 and placed in the custody of "G.E.O. Group 182-22" ("G.E.O. Group") in Jamaica, New York. (Compl. at ¶ 2). On March 7, 2009, Plaintiff claims that he complained of dehydration related

---

[1] Plaintiff has alleged claims against unnamed Nassau County Correctional Officers. The United States Marshal Service will not be able to serve the intended John Doe Defendants without further information. Accordingly, the Court hereby directs Defendant Nassau County to ascertain the full names of the unidentified officers whom Plaintiff describes as "making rounds in housing area B2B on 3/17/09." Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997). If it is not feasible for Defendant Nassau County to ascertain the full names of the unidentified officers, Defendant Nassau County shall communicate this to the Court in writing. Once the identifying information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of these officers, summonses shall be issued, and the Court shall direct service on these Defendants.

to his Crohn's Disease and was transported to Jamaica Hospital. (Compl. at ¶ 3). While there, Plaintiff alleges that the hospital "failed to provide standardized diagnosis related to Crohn's Disease coupled with deprivation of proper diet that collectively led to Plaintiff's injury." (Compl. at ¶ 4).

According to the Complaint, on March 11, 2009, Plaintiff was transferred back to the G.E.O. Group and that while there the G.E.O. Group "refused to provide supplementary diet Dr. C. Dupout [sic] prescribed." (Compl. at ¶ 5). Plaintiff alleges that he did not attend his arraignment on March 12, 2009 because of his medical condition and that upon inquiry from United States District Court Judge Irizarry regarding Plaintiff's absence, his criminal defense counsel apprised the court of his medical history and present condition. (Compl. at ¶ 6). Plaintiff alleges that Judge Irizarry ordered that Plaintiff be transferred to an adequate medical facility and that notwithstanding such Order, Plaintiff was kept at G.E.O. Group's facility for an additional four days before being transferred to NCCC. (Id.).

After being transferred to NCCC, Plaintiff alleges that he complained of "severe pain in his abdomen and left side." (Compl. at ¶ 7). According to the Complaint, the unidentified Correctional Officers making rounds in his housing area refused to comply with Plaintiff's request for medical attention. (Id.). Plaintiff describes that he was admitted to NUMC on March 19, 2009

3

and an X-ray and CAT scan revealed that he had a kidney stone. Plaintiff's condition is alleged to have worsened and he was thus placed in the Intensive Care Unit. (Compl. at ¶ 8). On March 20, 2009, Plaintiff alleges that while at NUMC, Dr. David McCally performed an "eystoscopy and left retro-grade inserion [sic] of double-J agent." According to the Complaint, post-operation instructions included a specific dietary regimen together with extensive nutritional therapy by registered dietitian Defendant Lisa Musell. (Compl. at ¶ 9).

Plaintiff was discharged from NUMC and returned to NCCC on April 3, 2009. According to the Complaint, NCCC refused to provide Plaintiff with the diet therapy prescribed by his doctors and that his Prednisone was inconsistently administered and discontinued prematurely. (Compl. at ¶ 10).

The Complaint describes that, on April 21, 2009, Plaintiff was readmitted to NUMC due to a relapse in his condition, and was re-admitted for a total of eight times between April 21, 2009 and December 22, 2009. (Compl. at ¶ 11). According to the Complaint, although Plaintiff's follow-up procedure to remove the double-J stent was supposed to occur within thirty days, it was not attended to until six months later. Additionally, Plaintiff alleges that, contrary to doctor's orders, he went fourteen days without any pain medication following his procedure.

On October 30, 2009, the Complaint alleges that District

Judge Dora Irizarry instructed Plaintiff's defense counsel in the underlying criminal case to get medical clearance from NCCC and NUMC so Plaintiff could be transferred to a Bureau of Prisons facility. (Compl. at ¶ 12). This request went unanswered and Plaintiff allegedly went an additional (120) one-hundred twenty days without pain medication. (Compl. at ¶¶ 12 and 13).

As a result of the foregoing, Plaintiff claims the deliberate indifference and negligence regarding his medical needs exacerbated his medical condition. Plaintiff describes that prior to his incarceration, he was only hospitalized twice for dehydration in a one-year span. While incarcerated, Plaintiff claims he was hospitalized twelve times in 2009 as a result of complications from the denial of proper medical care. (Compl. at ¶ 10). Plaintiff asserts Section 1983 claims purporting to allege violation of his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and seeks compensatory and punitive damages "in the amount to be determined by the jury."

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed <u>in</u> <u>forma</u>

pauperis is GRANTED.

II. Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167

6

F.3d 125, 127 (2d Cir. 1999).

    A.    <u>Defendants NCCC, NHCC, NUMC, And Jamaica Hospital</u>

As a threshold matter, Plaintiff purports to allege a Section 1983 claim against Defendants NCCC, NHCC, NUMC, and Jamaica Hospital. However, "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>See</u> <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); <u>see</u> <u>also</u> <u>Hall v. City of White Plains</u>, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because plaintiff has named the City of White Plains as a defendant, any claims against the WPDPS [White Plains Department of Public Safety] are redundant. WPDPS does not have its own legal identity, and therefore the claims against it are dismissed."). NCCC, NHCC, NUMC, and Jamaica Hospital are all administrative arms of their respective municipalities. Accordingly, the Plaintiff's claims against these Defendants are DISMISSED WITH PREJUDICE.

    B.    <u>Defendants Suozzi And Reilly</u>

With regard to Defendants Suozzi and Reilly, although Plaintiff names them in the caption, there are no allegations concerning these individuals in the body of the Complaint. Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "'short and plain statement of the claim showing that the

pleader is entitled to relief. Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); Alarcon v. M.D.C. Brooklyn, No. 09-CV-0907 (JS)(AKT), 2009 WL 2215141, at *2 (E.D.N.Y. July 20, 2009). Indeed, "the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal." M.D.C. Brooklyn, 2009 WL 2215141 at *2 (citing Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua sponte. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Here, given the absence of any facts involving Defendants Suozzi or Reilly, these Defendants do not have fair notice of the claims being brought against them. Accordingly, the claims against Defendants Suozzi and Reilly are DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint in accordance with Rule 8's requirements. Plaintiff is warned that a failure to amend his claims against Defendants Suozzi and Reilly by August 25, 2010 will lead to a dismissal of such claims with prejudice.

C. <u>Defendants Hava, McCully, Musell, Dupont And Yusupor</u>

As noted above, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b), a trial court may <u>sua sponte</u> dismiss a complaint for failure to state a claim in which relief may be granted. <u>Hughes v. Butt</u>, No. 06-CV-1462, 2009 WL 3122952, at *5 (N.D.N.Y. Sept. 28, 2009). It should be emphasized that, "[i]n reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." <u>Butt</u>, 2009 WL 3122952 at *6 (quoting <u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d Cir. 1994). "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted <u>pro se</u>." <u>Id.</u> <u>See also</u> <u>Darvie v. Countryman</u>, No. 08-CV-0715 (GLS)(GHL), 2009 WL 161219, at *4 (N.D.N.Y. Aug. 11, 2008); <u>Deravin v. Kerik</u>, 335 F.3d 195, 200 (2d Cir. 2003).

In this case, even affording Plaintiff's Complaint a liberal construction, the Court is unable to discern any cognizable claim against Defendants Hava, McCully, Musell, Dupont or Yusupor. Plaintiff has simply not alleged any wrongdoing by any of these Defendants. Specifically, Plaintiff's sole allegation against Defendant Hava is that he noted "urgent circumstances" on an emergency run form dated March 19, 2009. Later that same day Plaintiff was admitted to the hospital. (Compl. at ¶¶ 7 and 8).

Similarly, Plaintiff alleges only that Defendant McCully ordered Plaintiff's post-operation follow up procedure within thirty days from date of surgery. (Compl. at ¶ 11). Defendant Musell is alleged to have prescribed Plaintiff "[e]xtensive nutritional therapy." (Compl. at ¶ 9). Likewise, Defendant Dupont is alleged to have prescribed a dietary regimen that "would conform with Crohn's [d]isease," (Compl. at ¶ 5). Finally, Defendant Yusupor is alleged only to have prescribed Prednisone for Plaintiff. (Compl. at ¶ 10). The Complaint does not purport to allege that any of these acts were wrongful; rather, the thrust of Plaintiff's Complaint is that the failure of the other Defendants to follow these directives was a violation of his civil rights. Indeed, the Complaint acknowledges that each of these Defendants tried to alleviate the Plaintiff's symptoms. Accordingly, to the extent Plaintiff has any claims against these Defendants, they are insufficiently pled. Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE against Defendants Hava, McCully, Musell, Dupont and Yusupor. If Plaintiff has any valid claims against these Defendants, he may properly assert them in an Amended Complaint to be filed with the Court by August 25, 2010. Plaintiff is warned that a failure to amend his claims against these Defendants within this time period will lead to a dismissal of such claims with prejudice.

III. <u>Section 1983</u>

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Rae v. County of Suffolk</u>, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. <u>See</u> <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999).

Furthermore, to prevail against a municipality in a Section 1983 action, a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right. <u>See</u> <u>Hartline v. Gallo</u>, 546 F.3d 95, 103 (2d Cir. 2008); <u>Zahra v. Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995); <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2d Cir. 1983); <u>see</u> <u>also</u> <u>Monell v.</u>

Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). A plaintiff also has the burden of showing "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." Springfield v. Kibbe, 480 U.S. 257, 267, 107 S. Ct. 1114, 1119, 94 L. Ed. 2d 293 (1987) (O'Connor, J., dissenting).

    A.   Eighth Amendment Inadequate Medical Care

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Prohibited punishment includes that which "involve[s] the unnecessary and wanton infliction of pain. Streeter v. Goord, 519 F. Supp. 2d 289, 297 (S.D.N.Y. 2007) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976)). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs." Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir.

2003) (internal quotation marks and citations omitted) (alteration in original). This standard contains a two prong test both objective and subjective. Id. "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." Id. at 183-84 (citing Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)).

1. Objective Prong

For a plaintiff to satisfy the objective prong, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298, 298 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To be sufficiently serious, the deprivation must contemplate "a condition of urgency, one may produce death, degeneration or extreme pain." Hathaway, 37 F.3d at 66. "A serious condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

2. Subjective Prong

The subjective prong of the deliberate indifference analysis requires that the plaintiff demonstrate the official acted with a sufficiently culpable state of mind. See Wilson, 501 U.S.

at 299. "The required state of mind, equivalent to criminal recklessness, is that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). To satisfy the subjective prong of the deliberate indifference standard, a plaintiff must prove that the prison official was aware of, and consciously disregarded, the prisoner's medical condition. Chance, 143 F.3d at 703.

        a.    Analysis Of The Section 1983 Eighth Amendment Claim

Here, upon careful review of the Complaint, the Court finds that, at this early stage, Plaintiff's Eighth Amendment claim is plausible. The Complaint alleges complications from failure to properly treat Plaintiff's underlying medical condition, namely Crohn's Disease and Primary Sclerosing Cholangitis. These complications included, inter alia, dehydration, severe abdominal pain, fever, and urinary tract infections. Crohn's disease is undoubtedly a serious medical condition. See, e.g., Badrawi v. Dep't of Homeland Security, 579 F. Supp. 2d 249, 258 (D. Conn. 2008). However, the proper inquiry for the Court at this stage is whether the Plaintiff has alleged that Defendants' failure to treat the disease is "sufficiently serious." See Melendez v. Wright, No.

05-CV-1614, 2008 WL 4757360, at *4 (N.D.N.Y. Oct. 29, 2008) (citing Smith, 316 F.3d at 185-86) ("particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes."). See also Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004) ("[a hepatitis] infection is unquestionably a serious medical need, but [the relevant inquiry is] whether [the prisoner] had a serious medical need for prompt interferon treatment.").

In this case, the Plaintiff's extended hospital stays, severe pain, and collateral infections suggest a flare up of his underlying "serious" medical condition such that delay in receiving medical treatment or failure to comply with doctor's orders could cause detrimental effects to his health, such as degeneration of his condition or other detrimental affects on his daily life. See Melendez, 2008 WL 4757360 at *4; Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003). Plaintiff alleges that he informed officers of his worsening condition but did not receive prompt medical attention. Further, prison officials allegedly failed to comply with doctor's orders regarding dispersing medication, special dietary needs or surgery to remove the double J-stent. At this early stage, given these allegations, Plaintiff's claim of deliberate indifference is plausible. See Badrawi, 579 F. Supp. 2d at 258 (making repeated requests to prison officials for prescribed

15

medication for Crohn's disease may be deliberately indifferent); Wingate v. Gives, No. 05-CV-1872 (LAK), 2008 WL 564989, at *10 (S.D.N.Y. Apr. 13, 2008) (intentionally failing to give Plaintiff prescribed medical diet for a prolonged period resulting in pain and degenerative conditions states a viable Eighth Amendment claim). While it may be that Plaintiff is unable to prevail on his claims, the Court's uncertainty does not justify dismissal at this early juncture. McGuinnis, 357 F.3d at 200.

B. Section 1983 Claims Purporting to Allege Violation of Plaintiff's Fifth and Fourteenth Amendment Rights

With regard to Plaintiff's alleged violation of his Fifth and Fourteenth Amendment rights, the Court is unable to discern any such claims. Wholly absent from the Complaint are any factual allegations that, given a liberal construction, give rise to these claims. Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "'short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua ponte. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When

addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

Here, Plaintiff's Complaint fails to comply with Rule 8 with regard to his Fifth and Fourteenth Amendment claims. Given Plaintiff's pro se status, the Court grants leave to amend his Complaint to re-plead the alleged violation of his Fifth and Fourteenth Amendment rights. Plaintiff shall file any Amended Complaint in accordance with this Order by August 25, 2010 and Plaintiff is warned that failure to submit an Amended Complaint within this time period will lead to dismissal of his Section 1983 claims alleging that his Fifth and Fourteenth Amendment rights were violated will be deemed dismissed with prejudice.

CONCLUSION

Plaintiff's motion to proceed in forma pauperis is GRANTED. The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendants Nassau County, Kent, Evelyn, Misonald, G.E.O. Group, Williams, and the Correctional Officers who made rounds in housing area B2B without prepayment of fees.

Plaintiff's claims against Defendants Nassau County Correctional Center ("NCCC"), Nassau Health Care Corporation ("NHCC"), Nassau University Medical Center ("NUMC"), and Jamaica Hospital Medical Center ("Jamaica Hospital") are DISMISSED WITH PREJUDICE. Plaintiff's Section 1983 claims that purport to allege

18

violation of his rights under the Fifth and Fourteenth Amendments and Plaintiff's claims against Defendants Suozzi, Reilly, Hava, McCully, Musell, Dupont and Yusupor are DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint in accordance with this Order by August 25, 2010. Plaintiff is warned that failure to timely amend the Complaint will lead to dismissal of these claims with prejudice.

Finally, the Clerk shall mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  22 , 2010
       Central Islip, New York